IN THE MATTER OF HARRY BLOOM,
AN ATTORNEY AT LAW.

Argued December 21, 1971—Decided January 24, 1972.

*Mr. Harry Bloom, Pro se.*

PER CURIAM. A complaint by Michael Kowal was filed with the Hudson County Ethics Committee charging respondent Harry Bloom, an attorney at law of this State, with falsely representing to Kowal that he had instituted an action for damages in Kowal's behalf.

Respondent was retained to represent Kowal in the Municipal Court with respect to assault and battery charges made by and against Kowal arising out of a fight with one Caiola. Respondent also was retained by Kowal to prosecute a civil action against Caiola for damages. Respondent was paid $500. Part of this payment was for services in connection with the Municipal Court proceedings and the remainder was to be a retainer for the contemplated civil action.

Both cases in the Municipal Court were either dismissed or withdrawn with the consent of the parties. It was understood that a civil action against Caiola would be instituted by the respondent on behalf of Kowal. However, no such action was ever started by the respondent. Inquiries about the status of Kowal's action were made by Kowal or his wife after the expiration of the time prescribed by the statute of limitations for bringing the action. They were told by the respondent that he had instituted suit and the case would be scheduled for trial in due time. The respondent showed Mrs. Kowal a list of docket numbers, informing her that a number near the bottom of the list was the number of her husband's case. Respondent wrote the number on a piece of paper and gave it to Mrs. Kowal. Subsequently, the Kowals discovered that no civil action had been instituted. They then complained to the Hudson County Ethics Committee.

Respondent states that he inadvertently failed to file a complaint and was not aware of this failure until after the statute of limitations had run. After Kowal complained to the Ethics Committee, the respondent offered a sum to compensate him for his loss. The offer was not accepted.

Both in his answer to the complaint and at the hearing before the Ethics Committee respondent admitted that the facts were as set forth above.

The respondent's conduct was inexcusable and unethical in that he knowingly misrepresented the facts to his client. See *DR* 1–102(A)(4). However, we are informed by the Committee that the respondent has been a member of the bar for 33 years, and that his reputation has been good. He has been active in civic affairs in his community. Before the Committee and before us, he recognized that his conduct was wrong. From our reading of the record and respondent's demeanor before us, we think that his conduct will not again fall below the standards of our profession. Under these circumstances, respondent should be reprimanded. We do not believe more severe discipline is necessary.

The respondent is hereby reprimanded for his conduct.*

*For reprimand*: Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—6.

*Opposed*: None.

---

*Of course, our determination does not in anyway preclude an action for negligence by complainant against respondent.